IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANYELLE TYLER, *individually and on behalf of her deceased mother, Jeanne Cooley, et al.*,

Plaintiffs,

v.

ST. ELIZABETH'S HOSPITAL OF THE THIRD ORDER OF ST. FRANCIS, *d/b/a St. Elizabeth's Hospital*,

Defendant.

Case No. 3:18-cv-01179-JPG-RJD

**MEMORANDUM AND ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

In July 2014, Jeanne Cooley—a resident of Missouri—began treatment for a reoccurring illness at St. Elizabeth's Hospital in Illinois. (Compl. ¶¶ 16–50, ECF No. 1.) But after several unsuccessful months of outpatient treatment, in December 2014, a doctor at St. Elizabeth's transferred Cooley to Barnes Jewish Hospital in Missouri—where doctors almost immediately diagnosed her with colon cancer. (*Id*. at 51–61.) Cooley later died in her Missouri home on May 30, 2015. (*Id*. at 75–76.)

Now, Cooley's children have sued St. Elizabeth's Hospital—to be clear, the one in Illinois that allegedly failed to diagnose their mother's cancer—under three theories: wrongful death, healthcare provider malpractice, and negligent misrepresentation. The hospital promptly filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the Illinois Wrongful Death Act's two-year statute of limitations—seen in 740 ILCS § 180/2(d) and 735 ILCS 5/13-212(a)—bars the complaint, among other arguments. (ECF No. 7.) The children have filed a

response that confidently asserts that Missouri's three-year statute of limitations applies instead—which would make their lawsuit timely if correct.

This is not a close call: the hospital is right. Because this case is here on diversity jurisdiction, the Court must apply the choice of law principles of the forum state—here, Illinois—to determine which state's substantive law applies to this case. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006) (citing *French v. Beatrice Foods Co.*, 854 F.2d 964, 966 (7th Cir. 1988); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). Statutes of limitation are generally matters of substantive law. *Evans ex. rel. Evans v. Lederle Laboratories, 167 F.3d 1106, 1111-12* (7th Cir. 1999). And in tort cases like this one, Illinois uses the "most significant relationship" test from the Restatement (Second) of Conflict of Laws to figure out which state's substantive law to apply. *Id.* (citing *Esser v. McIntyre*, 169 Ill.2d 292, 297–98 (1996)); *see also Townsend v. Sears, Roebuck and Co.*, 227 Ill.2d 147 (2007). That test weighs four factors to determine whose law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile of the parties; and (4) the place where the relationship between the parties is centered. *Restatement (Second) of Conflict of Laws* § 145(2) (1971). But the Court must also evaluate these factors "in light of the policies underlying the laws of those jurisdictions [as seen in § 6 of the Restatement]." *Esser*, 169 Ill.2d at 298.

These factors unequivocally demonstrate that Illinois has the most significant relationship to this case, even when viewing the complaint in the light most favorable to the children, accepting as true all of the well-pleaded facts, and drawing all inferences in their favor—a requirement under Rule 12(b)(6). *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). First, the injury occurred in Illinois. The Restatement specifically instructs that:

> The place where the injury occurs is the place where the force set in motion by the actor first takes effect on the person. This place is not necessarily that where the death occurs. Nor is it the place where the death results in pecuniary loss to the beneficiary named in the applicable death statute.

*Restatement (Second) of Conflict of Laws* § 175 cmt. g (1971). And here, according to the complaint, the place where the hospital "set the force in motion that took effect" on Cooley was Illinois: the physical location of the hospital, where doctors allegedly failed to diagnose Cooley's colon cancer. This alone sinks the plaintiffs' complaint: the general rule is that the "place of injury controls *unless* Illinois has a more significant relationship [via the other three factors]." *Tanner*, 433 F.3d at 915 (citing *Esser*, 169 Ill.2d at 297–98). Since Illinois is the place of the injury, the Court need not reach the other factors.

But regardless, a quick glance at the other factors shows that they weigh in favor of the hospital anyways: the place where the conduct causing the injury occurred—a question very similar to the first factor—is Illinois at St. Elizabeth's Hospital; the domicile of the parties are split between Illinois and Missouri; and the place where the relationship was centered—where the hospital continually treated Cooley, albeit failing to diagnose her colon cancer—is Illinois. *Restatement (Second) of Conflict of Laws* § 145(2)(b)–(c) (1971). And even more damaging to the children's case are the policy considerations in § 6 of the Restatement: from a policy perspective, it is wacky to suggest that hospitals should comply with the tort laws of wherever their patient hails from—50 states plus the various territories of this country, not to mention international concerns—instead of only needing to comply with the tort laws of the state where the hospital is located. And the factors enumerated in § 6 of the Restatement—including the protection of justified expectations, certainty, predictability, and the needs of the interstate systems—all weigh in favor of that proposition. When a hospital builds a location in Illinois, it surely does not expect—and justifiably so, considering the extreme burdens involved—to be held liable under Nevada,

Florida, New York, or Missouri tort law for matters that occurred at that Illinois location. And because this statute of limitations issue is dispositive, the Court need not reach the hospital's other arguments.

The children combat all of this by saying that the hospital "drastically over-complicates the issues by presenting a lengthy argument supporting the application of Illinois' statute of limitation based upon [the proper choice of law analysis]." (ECF No. 19, p. 3.) The children then say that none of this analysis is necessary because, basically, the children chose to bring their case under Missouri law rather than Illinois law, and that Missouri statute has its own built-in statute of limitations. This is bewildering: plaintiffs cannot bypass nearly a century of choice-of-law jurisprudence by saying that they choose to bring their case under a certain state's law. In fact, the plaintiffs' assertion here demonstrates why we needed the choice-of-law doctrine in the first place. Moreover, the fact that the Missouri statute in-question has a "built-in" statute of limitations is irrelevant considering the Missouri statute does apply here whatsoever. *See also Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 517 (1953) ("[T]he Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state.") The children also cited here a bunch of cases that interpret the Missouri wrongful death statute (ECF No. 19, pp. 2–3), but as the hospital correctly points out, none of these cases are relevant because they deal with statutory interpretations on the merits of that Missouri statute—not choice of law, which this case is about right now.

There are two other quick matters to address. First, the children make a brief argument that Missouri has the most significant relationship to this case because Cooley died in Missouri. This is wrong for the reasons already explained above: all of the factors in both § 175 and § 6 of the Restatement indicate that Illinois has the most significant relationship to the state, and comment g

4

to § 175 even says that the place with the most significant relationship "is not necessarily that where the death occurs." Second, the children state that "as to the various other points Defendant posits regarding minor omissions in stating a claim; to the extent those points have any merit—which it is not apparent they do—the proper approach to the same would be for this Court to provide leave to amend." (ECF No. 19, pp. 6–7.) Asserting that "it is not apparent" that an opposing party's argument has any merit is not a legal argument, and this Court is under no duty to craft an argument for the children—especially when they have counsel—so any potential argument is here forfeited. And granting leave to amend would be futile anyways considering the statute of limitations has already run. So the Court must **GRANT** the motion to dismiss (ECF No. 7), **DISMISS** this case **WITH PREJUDICE**, and **DIRECT** the Court to enter judgment accordingly. **IT IS SO ORDERED.**

**DATED: NOVEMBER 19, 2018**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**DISTRICT JUDGE**
